UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

LEO R. RAUTINS,

      Debtor in Foreign Proceeding.

_____/

Chapter 15

Case No. _____

## VERIFIED MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE

Grant Thornton Limited (the "Trustee"), as duly appointed trustee for the estate in bankruptcy of Leo R. Rautins (the "Debtor"), files this *Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Verified Motion"), seeking the entry of an Order granting (i) recognition of the Debtor's bankruptcy proceeding pending before the Superior Court of Justice, Ontario, Toronto Division (the "Canadian Court") and the Canadian Office of the Superintendent of Bankruptcy (the federal authority for voluntary assignments into bankruptcy, the "Canadian Authority")  as Estate No. 31-2479073 (the "Canadian Proceeding"), pursuant to 11 U.S.C. § 1517;[1] and (ii) any other and further relief which may be available under the Bankruptcy Code.  In support of the Verified Motion, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

1.      The Trustee files the Verified Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") pursuant to section 1504 of the Bankruptcy Code seeking recognition

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

of the Canadian Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2.     The Declaration of the Trustee (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached as **Exhibit "A".**

**3.**     The Certificate of Appointment from the Canadian Authority affirming the existence of the Canadian Proceeding and appointing Grant Thornton Limited as trustee pursuant to the Bankruptcy and Insolvency Act, R.S.C., 1985, c. B-3 ("BIA") is attached as **Exhibit "B".**

4.     The Petition, this Verified Motion, and the accompanying Declaration demonstrate that the Canadian Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5.     The Trustee seeks the type of relief that Chapter 15 was designed to provide, and the Canadian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 of the Bankruptcy Code.

7.     This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

8.     Canada is the center of the Debtor's main interests, as the Debtor's professional life and liabilities arise out of Toronto, Canada.

9.     Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Debtor holds in this district title to real property located in Stuart, Florida, and the Trustee holds

title to an unused retainer deposit with Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. of approximately $10,000.00.

## BACKGROUND

10.     Debtor is a Canadian citizen and a permanent resident of the United States.

11.     Debtor holds title to real property located in the Southern District of Florida that he maintains as his homestead: 2030 S.E. Madison Street, Stuart, Florida 34997 (the "Florida Homestead"). The Florida Homestead is held as tenancy by the entireties with the Debtor's non-filing spouse, Jaime Rautins, and encumbered by a consensual mortgage lien in favor of Ditech Financial.

12.     While the Florida Homestead is, in fact, the Debtor's permanent residence, the center of this Debtor's main interests is Canada.[2] The Debtor is very much a public figure in Canada. See Ex. A at ¶ 11. He is a natural born Canadian citizen, a former professional basketball player, and former head coach of the Canadian men's national basketball team. Id. at ¶¶ 6 & 15. He is currently a television broadcaster for Maple Leafs Sports & Entertainment and The Sports Network in Toronto, Ontario. Id. at ¶ 12. Specifically, the Debtor is the TV announcer for the Toronto Raptors, a Canadian professional basketball team and member of the National Basketball Association; a position he has enjoyed since the team's inception in 1995. Id. at ¶ 13. His career as a Canadian television broadcaster is his primary source of income and forms the basis for the majority of his liabilities. Id. at ¶ 14.

---

[2] "[A]lthough an individual's habitual residence is presumed to be his COMI, this presumption is not outcome determinative if other evidence suggests the debtor's COMI is elsewhere." *In re Ran*, 607 F.3d 1017, 1023 (5th Cir. 2010) (citing *Schaflein v. Comm'n of the European Cmtys.*, (Case 284/87) [1988] ECR 4475 (ECJ 2d Chamber 1988)).

13.     In addition, the Debtor has been inducted into Canada's Basketball Hall of Fame and the Ontario Sports Hall of Fame. Id. at ¶ 15. His current wife is also a Canadian citizen and maintains a condominium unit in Toronto, Canada. Id.

14.     As a result of financial mismanagement, a business failure, a divorce from his former spouse, and health related problems, the Debtor filed the Canadian Proceeding in the Canadian Court on February 26, 2019, and the Trustee was appointed as trustee of the estate of the Debtor.

15.     In the Canadian Proceeding, the Debtor is making monthly payments to the Trustee, for the benefit of creditors of his bankruptcy estate (including his U.S. creditors) for a period of at least 21 months prior to seeking a discharge of his dischargeable debts. To facilitate the Debtor's continued funding of the bankruptcy estate and fresh start, the Trustee requires recognition of the Canadian Proceeding in the United States, the entry of the automatic stay imposed by section 362 of the Bankruptcy Code, and, ultimately, granting comity to the discharge injunction entered in the Canadian Proceeding.

## BASIS FOR RECOGNITION

16.     The Trustee has satisfied each of the requirements for recognition of the Debtor and the Trustee under Chapter 15 of the Bankruptcy Code, as follows:

a.      The Trustee qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as trustee by the Canadian Authority in the Canadian Proceeding, which grants him the power to, among other things, administer and supervise the liquidation of the Debtor's assets on behalf of the estate's creditors, to investigate the actual causes of the bankruptcy, and when necessary, after being authorized by the judge, to pursue causes of action for the benefit of creditors.  Implicit within the powers granted to him

4

under the BIA, the Trustee may file auxiliary insolvency proceedings abroad and be recognized as a foreign representative for the bankruptcy of the Debtor under the laws of Canada.  See Ex. B.

        b.        The Canadian Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a formal proceeding pending in Canada under the bankruptcy laws of Canada for the purpose of liquidation.  See Ex. B.

        c.        The Canadian Proceeding further qualifies as a "foreign main proceeding" because the Canadian Proceeding is a foreign proceeding pending in Toronto, Canada, which is, unquestionably, the center of the Debtor's main interests. See Ex. A. at ¶¶'s 6-17.

        d.        To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor is subject of foreign proceeding and has assets in the United States, which include a retainer on deposit with the law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. and the Florida Homestead.

        e.        Lastly, this Verified Motion is accompanied by the Canadian Authorities' Certificate of Appointment, affirming the existence of the Canadian Proceeding and appointing the Trustee as trustee of the Debtor's estate.  See Ex. B.

### RELIEF REQUESTED

17.    By this Verified Motion, the Trustee respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, granting the following relief:

        a.        Recognizing the Canadian Proceeding as a "foreign main proceeding" and the Trustee as a Foreign Representative of the Debtor;

        b.        Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

    c.  Granting the following additional relief under section 1521 of the Bankruptcy Code:

    (i)  staying the commencement or continuation of an individual action or proceeding concerning the Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a) of the Bankruptcy Code;

    (ii)  staying execution against the Debtor's assets to the extent it has not been stayed under section 1520(a) of the Bankruptcy Code;

    (iii)  providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

    (iv)  entrusting the administration or realization of all the assets of the Debtor within the territorial jurisdiction of the United States to the Trustee;

    (v)  entrusting the distribution of all or part of the assets of the Debtor located within the United States to the Trustee;

    (vi)  otherwise granting comity to and giving fully force and effect to the order of the Court stemming from the Canadian Proceeding; and

    (vii)  granting the Trustee such other and further relief as this Court may deem just and proper.

**CONCLUSION**

  WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form of attached hereto as **Exhibit "C",** granting the relief requested herein and such other and further relief as the Court deems just and proper.

6

28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the

foregoing Verified Motion is true and correct.

Executed in Toronto, on
December 3, 2019

By: _____
    Grant Thornton Limited
    By:  Daniel Wootton
    Its:  Trustee in charge

Dated: December 3, 2019.

Respectfully submitted,

    /s/ Eric J. Silver
ERIC J. SILVER, ESQ.
Florida Bar No. 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone:    (305) 789-3200

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

LEO R. RAUTINS,                                          Chapter 15

      Debtor in Foreign Proceeding.            Case No. _____
_____/

### DECLARATION OF DANIEL WOOTTON
### OF GRANT THORNTON LIMITED. IN SUPPORT
### OF CHAPTER 15 PETITION FOR RECOGNITION OF FOREIGN PROCEEDING

      1.     My name is Daniel Wootton.  I am over the age of 18 and am competent to make this Declaration.  All statements contained herein are true and correct to the best of my knowledge and belief, my review of the relevant documents and from conversations with relevant personnel. If called upon, I could testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those portions specified as being otherwise.

      2.     I am a Chartered Insolvency and Restructuring Professional, Licensed Insolvency Trustee, and Senior Vice President at Grant Thornton Limited.  I submit this Declaration in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") and the *Verified Motion for Order Granting Recognition of a Foreign Main Proceeding Pursuant to§§ §1515 and 1517 of the Bankruptcy Code* (the "Verified Motion")[1] , seeking entry of an order granting (i) recognition of the Canadian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief under sections 1520 and 1521; and (iii) other applicable relief under the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

3.       On February 26, 2019, Leo R. Rautins (the "Debtor") filed a voluntary assignment in bankruptcy pursuant to the BIA and with the Canadian Authority and as recognized in the Canadian Court, initiating Estate No. 31-2479073 (the "Canadian Proceeding").  Grant Thornton Limited is the sole trustee (the "Trustee") of the Debtor's estate.

4.       As Trustee, I have the power to administer and supervise the liquidation of the Debtor's assets, to investigate the actual causes of the bankruptcy, and when necessary, after being authorized by the court, to pursue causes of action for the benefit of the Debtor's creditor.  The powers bestowed upon me as Trustee also include the power to file any auxiliary proceedings abroad on behalf of the Debtor.  Accordingly, I have the authority to act as the Debtor's foreign representative to seek Chapter 15 recognition of the Canadian Proceeding.

5.       For the reasons set forth below, I am advised of the following: (i) that I am a duly appoint "foreign representative" of the Canadian Proceeding and that the Canadian Proceeding constitutes a "foreign proceeding" within the meaning of subsections 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the requirements of the Bankruptcy Code; and (iii) that the Canadian Proceeding satisfies all of the requirements to be recognized as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code.

## BACKGROUND

6.       Debtor is a Canadian citizen and a permanent resident of the United States.

7.       Debtor holds title to real property located in the Southern District of Florida that he maintains as his homestead: 2030 S.E. Madison Street, Stuart, Florida 34997 (the "Florida Homestead").

8. The Florida Homestead is held as tenancy by the entireties with the Debtor's non-filing spouse, Jaime Rautins, and encumbered by a consensual mortgage lien in favor of Ditech Financial.

9. The Florida Homestead is, in fact, the Debtor's permanent residence and domicile.

10. However, the center of this Debtor's main interests is unquestionably Canada.

11. The Debtor is very much a public figure in Canada.

12. He is currently a television broadcaster for Maple Leafs Sports & Entertainment and The Sports Network in Toronto, Ontario.

13. In that role, he serves as the television broadcaster for the Toronto Raptors, a Canadian professional basketball team and member of the National Basketball Association; a position he has enjoyed since the team's inception in 1995.

14. His career as the Toronto Raptor's television broadcaster is his primary source of income and forms the basis for the majority of his liabilities.

15. In addition, the Debtor has other significant business, social, and familial ties to the Canadian community. He is a natural born Canadian citizen, a former professional basketball player, and former head coach of the Canadian men's national basketball team. The Debtor has been inducted into Canada's Basketball Hall of Fame and the Ontario Sports Hall of Fame. His current wife is also a Canadian citizen and maintains a condominium unit in Toronto, Canada.

16. As a result of financial mismanagement, a business failure, a divorce from his former spouse, and health related problems, the Debtor filed the Canadian Proceeding with the Canadian Authority on February 26, 2019, and the Trustee was appointed as trustee of the estate of the Debtor.

17.     In the Canadian Proceeding, the Debtor is making monthly payments to the Trustee, for the benefit of creditors of his bankruptcy estate (including his U.S. creditors) for a period of at least 21 months prior to seeking a discharge of his dischargeable debts. To facilitate the Debtor's continued funding of the bankruptcy estate and fresh start, the Trustee requires recognition of the Canadian Proceeding in the United States, the entry of the automatic stay imposed by section 362 of the Bankruptcy Code, and, ultimately, granting comity to the discharge injunction entered in the Canadian Proceeding.

## GROUNDS FOR RECOGNITION

18.     As Trustee, I am bestowed with the power to, among other things, preserve the Debtor's estate for the benefit of its creditors.

19.     In the Canadian Proceeding, the Debtor is making monthly payments to me, as the Trustee, for the benefit of creditors of his bankruptcy estate (including his U.S. creditors) for a period of at least 21 months prior to seeking a discharge of his dischargeable debts.

20.     To facilitate the Debtor's continued funding of the bankruptcy estate, I require recognition of the Canadian Proceeding in the United States, which I understand will cause the entry of the automatic stay imposed by section 362 of the Bankruptcy Code, and, ultimately, granting comity to the discharge injunction entered in the Canadian Proceeding in favor of the Debtor's "fresh start."

## COMPLIANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(B)

21.     Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the following information:

a.     I, Dan Wootton, am the duly appointed "trustee" in the Canadian Proceeding and the authorized representative of the Debtor;

b.     My address is as follows:

> Dan Wootton, CIRP, LIT
> Grant Thornton Limited
> 11th Floor
> 200 King Street West
> Toronto, Ontario M5H 3T4

For purposes of this bankruptcy case, I respectfully request that any correspondence be sent, in addition to the address provided above to:

> Eric J. Silver, Esq.
> Stearns Weaver Miller Weissler Alhadeff &
> Sitterson, P.A.
> 150 West Flagler Street, Suite 2200
> Miami, Florida 33130

c.      The Debtor is not a party to litigation in the United States.

d.      No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time.

### SECTION 1515(C) STATEMENT

Other than this Chapter 15 Petition, I am not aware of any foreign proceedings of the Debtor, as the term is defined under section 101(23) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  December 3, 2019          GRANT THORNTON LIMITED
*Trustee of the estate of Leo R. Rautins, individual*
*in court-approved bankrupty*

_____
Daniel Wootton, CIRP, LIT

5

**EXHIBIT B**

 **Industry Canada**

**Office of the Superintendent of Bankruptcy Canada**

**Industrie Canada**

**Bureau du surintendant des faillites Canada**

District of:         Ontario
Division No.:     09 - Toronto
Court No.:         31-2479073
Estate No.:       31-2479073

In the Matter of the Bankruptcy of:

**Leo R. Rautins**
Debtor

**GRANT THORNTON LIMITED**
Licensed Insolvency Trustee

Ordinary Administration

| | | | |
|---|---|---|---|
| Date and time of bankruptcy: | February 26, 2019, 13:43 | Security: | $0.00 |
| Date of trustee appointment: | February 26, 2019 | | |
| Meeting of creditors: | March 14, 2019, 13:00 | | |
| | 11th Floor | | |
| | 200 King Street West, Box 11 | | |
| | Toronto, Ontario | | |
| | Canada, | | |
| Chair: | Official Receiver | | |

<u>CERTIFICATE OF APPOINTMENT - Section 49 of the Act; Rule 85</u>

-- AMENDED --

I, the undersigned, official receiver in and for this bankruptcy district, do hereby certify that:

- the aforenamed debtor filed an assignment under section 49 of the *Bankruptcy and Insolvency Act*;
- the aforenamed trustee was duly appointed trustee of the estate of the debtor.

The said trustee is required:

- to provide to me, without delay, security in the aforementioned amount;
- to send to all creditors, within five days after the date of the trustee's appointment, a notice of the bankruptcy; and
- when applicable, to call in the prescribed manner a first meeting of creditors, to be held at the aforementioned time and place or at any other time and place that may be later requested by the official receiver.

Date: March 04, 2019, 12:22



E-File/Dépôt Electronique

Official Receiver

151 Yonge Street, 4th Floor, Toronto, Ontario, Canada, M5C2W7, (877)376-9902



**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

LEO R. RAUTINS,                                          Chapter 15

       Debtor in Foreign Proceeding.           Case No. _____

_____/

**ORDER OF RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

THIS MATTER came before the Court for hearing on _____, 2019 at _____ a.m./p.m. upon the *Verified Motion for Recognition of Foreign Main Proceeding Pursuant to§§ 1515 and 1517* [ECF No. 2] (the "Verified Motion")[1], of Grant Thornton Limited, the duly appointed Trustee (the "Trustee") of the estate of Leo R. Rautins (the "Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code of the Debtor's bankruptcy pending before the Superior Court of Justice, Ontario, Toronto Division (the "Canadian Court") and Canadian Office of the Superintendent of Bankruptcy (the federal authority for voluntary assignments into bankruptcy, the "Canadian Authority") as Estate No. 31-2479073 (the "Canadian Proceeding"). The Court having considered the Petition, the Verified Motion, and their respective attachments, the argument of counsel, and being otherwise duly advised in the premises, does FIND as follows:

A.      Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.      The Trustee has met the requirements of 11 U.S.C. § 1515(b), 1515(c), 1515(d) and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The Canadian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The Canadian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The Canadian Proceeding is pending in Canada, Province of Ontario. Canada is the country where the Debtor maintains his center of main interests and, accordingly, the Canadian Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(l).

K.      The Trustee is entitled to all relief provided under 11 U.S.C. § 1520, without limitation.

L.      The Trustee is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardships to the creditors of the Debtor or

other parties that is not outweighed by the benefit of the relief granted.

Accordingly, is it ORDERED that:

1.      The Canadian Proceeding is granted recognition as a "foreign proceeding" under 11 U.S.C. § 1517.

2.      The Canadian Proceeding and the orders of the Canadian Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3.      The Trustee is entrusted with the full administration and realization of all or a part of the estate and assets of the Debtor within the territorial jurisdiction of the United States.

4.      The Trustee shall have authority to act independently to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520 apply, without limitation, to this proceeding.

6.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate located in the United States.

7.      All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, any assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

9.      All persons and entities provided notices of the Chapter 15 Petition and the hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of the

Debtor or the Debtor's bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the following addresses:

> Dan Wootton, CIRP, LIT
> Grant Thornton Limited
> 11th Floor
> 200 King Street West
> Toronto, Ontario M5H 3T4

With a copy to:

> Eric J. Silver, Esq.
> Stearns Weaver Miller Weissler Alhadeff &
> Sitterson, P.A.
> 150 West Flagler Street, Suite 2200
> Miami, Florida 33130

Which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the fully identity and contact information for such person or entity.

10.     The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to § 152(a)(4) of the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     The Trustee is further authorized to operate and may exercise the powers of a Trustee under, and to the extent provided by 11 U.S.C. § 363 and 552.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

4

13.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

14.     The Trustee is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system within the Clerk of the court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and United States Mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have dominion and control over assets of the Debtor in the United States, all of which shall be sufficient to give notice of this Order.

15.     A motion to vacate or dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order.

# # #

Submitted by:
Eric J. Silver, Esq.
Florida Bar No. 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200, 150 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 789-3200
Facsimile:     (305) 789-3395

*(Attorney Silver is instructed to serve a copy of this Order*
*on all interested parties and to file a Certificate of Service.)*